# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD VARELLA,<br><br>            Plaintiff,<br><br>    v.<br><br>DERRAL ADAMS, et al.,<br><br>            Defendants. | CASE NO. 1:CV-03-6324-OWW-LJO-P<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND STAY OF PROCEEDINGS, AND REQUIRING PLAINTIFF TO FILE A RESPONSE TO DEFENDANT'S MOTION TO DISMISS WITHIN THIRTY DAYS<br><br>(Doc. 37) |

Plaintiff Edward Varella ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On June 3, 2005, plaintiff filed a motion seeking the appointment of counsel and for a stay of the proceedings.

The court cannot require an attorney to represent plaintiff. Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases. "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success of the merits and the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Terrell, 935 F.2d at 1017 (citations omitted).

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations

which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. At this early stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims. <u>Terrell</u>, 935 F.2d at 1017.

      Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel and for a stay, filed June 3, 2005, is DENIED, without prejudice;

2. Plaintiff shall file an opposition or a statement of non-opposition to defendant Beltran's motion to dismiss within **thirty (30) days** from the date of service of this order; and

3. The failure to file an opposition or a statement of non-opposition in compliance with this order will result in a recommendation that this action be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:   June 14, 2005**　　　　　　　　　　/s/ Lawrence J. O'Neill
i0d3h8　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE