1
2
3
4
5

**UNITED STATES DISTRICT COURT**

6

**EASTERN DISTRICT OF CALIFORNIA**

7

|  |  |
|---|---|
| EDWARD VARELA, | ) 1:03-cv-06324  OWW LJO P |
| Plaintiff, | ) MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION (Doc. 40) FOR RECONSIDERATION OF MAGISTRATE JUDGE'S ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| v. | ) |
| DERRAL ADAMS, et al., | ) |
| Defendants. | ) |

8  EDWARD VARELA,

9            Plaintiff,

10     v.

11  DERRAL ADAMS, et al.,

12            Defendants.

13  _____

14

15

16                    **I.    INTRODUCTION**

17

18      Plaintiff EDWARD VALERA ("Plaintiff"), a *pro se* prisoner,

19  moves for reconsideration of the magistrate judge's "Order

20  Denying Plaintiff's Motion for Appointment of Counsel and Stay of

21  Proceedings, and Requiring Plaintiff to File a Response to

22  Defendant's Motion to Dismiss Within Thirty Days" (Doc. 38,

23  "Magistrate Judge's Order")

24

25                    **II.   BACKGROUND**

26

27      This case arises out of Plaintiff's allegation that he was

28  injured when thrown from a "golf cart type vehicle" while being

                              1

transported from the Central Treatment Clinic to the California

Substance Abuse Treatment Facility - State Prison ("CSATF-SP") in

Corcoran, California, on November 9, 2001.  (Doc. 16, First Am.

Compl. 1:22-23, 2:19-27)  Plaintiff, a *pro se* prisoner, moved for

appointment of counsel on June 3, 2005.  (Doc. 37)  Plaintiff

also requested a stay of proceedings.  The magistrate judge

denied Plaintiff's request for counsel and his request for a stay

and ordered Plaintiff to respond to Defendant's Motion to Dismiss

within thirty (30) days of service of the order.  On July 25,

2005, Plaintiff moved for reconsideration of the order denying

his appointment of counsel.  (Doc. 40)

### III.    <u>ANALYSIS</u>

Pursuant to Local Rule ("LR") 72-303(f), a district court

applies the following standard in reconsidering a magistrate

court's decision:

> The standard that the assigned Judge shall use in all
> such requests is the ***"clearly erroneous or contrary to
> law"*** standard set forth in 28 U.S.C. § 636(b)(1)(A).
> See Fed. R. Civ. P. 72(a).

LR 72-303(f) (emphasis added).

Section 636(b)(1)(A) sets forth the standard of review as

follows:

> Notwithstanding any provision of law to the
> contrary...a judge may designate a magistrate [judge]
> to hear and determine any pretrial matter pending
> before the court, except a motion for injunctive
> relief, for judgment on the pleadings, for summary
> judgment, to dismiss or quash an indictment or
> information made by the defendant, to suppress evidence
> in a criminal case, to dismiss or to permit maintenance
> of a class action, to dismiss for failure to state a

**2**

1  claim upon which relief can be granted, and to
2  involuntarily dismiss an action.  A judge of the court
   may reconsider any pretrial matter under this
3  subparagraph (A) where it has been shown that the
   magistrate judge's order is **clearly erroneous or**
4  **contrary to law**.

5  28 U.S.C. § 636(b)(1)(A) (emphasis added).

6      Fed. R. Civ. P. 72(a) also sets forth the standard for a
7  district court's review of a magistrate judge's order:  "The
8  district judge to whom the case is assigned shall consider [a
9  party's] objections and shall modify or set aside any portion of
10 the magistrate judge's order found to be **clearly erroneous or**
11 **contrary to law**."  *Id*. (emphasis added).

12     There is no constitutional right to counsel in a 42 U.S.C.
13 § 1983 action.  *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir.
14 1997).  However, 28 U.S.C. § 1915(e)(1) allows a district court
15 to request an attorney to voluntarily represent a prisoner who is
16 unable to afford counsel in "exceptional circumstances."  *Id.*;
17 *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).
18 "To decide whether these exceptional circumstances exist, a
19 district court must evaluate 'both the likelihood of success on
20 the merits [and] the ability of the petitioner to articulate his
21 claims *pro se* in light of the complexity of the legal issues
22 involved.'"  *Rand*, 113 F.3d at 1525 (quoting *Wilborn v.*
23 *Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

24     Having carefully reviewed the file and having considered
25 Plaintiff's objections, the Court concludes that the magistrate
26 judge's order denying appointment of counsel is not clearly
27 erroneous or contrary to law.  First, despite his claims of
28 "'brain damage' from head injuries, drugs, and hearing voices,"

**3**

1  Plaintiff has not submitted any corroborating evidence to justify

2  an evidentiary hearing, nor is there any indication Plaintiff

3  cannot adequately articulate his claims for violation of 42

4  U.S.C. § 1983.  Both Plaintiff's original complaint and the

5  operative First Amended Complaint adequately describes the events

6  of November 9, 2001 that give rise to his claim.  Plaintiff seems

7  to have had no trouble prosecuting another case he filed in this

8  court *pro se*.  (*Valera v. Calderon*, et al., Case No. 1:01-05344

9  HGB)  Second, the magistrate judge's finding that it is too early

10 in the proceedings to determine whether he is likely to succeed

11 on the merits is also not clearly erroneous.

12

13     For all the foregoing reasons, Plaintiff's Motion for

14     Reconsideration (Doc. 40) is **DENIED.**

15

16

17 **SO ORDERED.**
   **DATED: August 15___, 2005.**

18

19                         **/s/ OLIVER W. WANGER**

20                         _____

21                              **Oliver W. Wanger**
                            **UNITED STATES DISTRICT JUDGE**

22

23

24

25

26

27

28

**4**