1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   EDWARD VARELLA,                          CASE NO. 1:CV-03-6324-OWW-LJO-P

10                      Plaintiff,            FINDINGS AND RECOMMENDATIONS
                                             RECOMMENDING DEFENDANT'S MOTION
11          v.                                TO DISMISS BE DENIED

12   DERRAL ADAMS, et al.,                    (Doc. 33)

13                      Defendants.
                                    _____/
14

15   I.     Motion to Dismiss

16          A.     Procedural History

17          Plaintiff Edward Varella ("plaintiff") is a state prisoner proceeding pro se and in forma

18   pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on

19   plaintiff's amended complaint, filed June 10, 2004, against defendants Serman and Beltran for acting

20   with deliberate indifference to a serious risk to plaintiff's safety, in violation of the Eighth

21   Amendment.  (Doc. 18.)  On March 17, 2005, defendant Beltran ("defendant") filed a motion to

22   dismiss for failure to state a claim upon which relief may be granted under section 1983 and for

23   dismissal on qualified immunity grounds.[1]  (Doc. 33.)  Plaintiff did not file an opposition.

24          B.     Dismissal for Failure to State a Claim

25          _____The court has a statutory duty to screen complaints in cases such as this and dismiss any

26   claims that fail to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2); 28 U.S.C.

27   _____

28          [1] The United States Marshal was unable to locate and serve defendant Serman.

§ 1915A.  Given this requirement, the court is disinclined to view with favor a subsequent motion to dismiss for failure to state a claim.  The instant motion is no exception.

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint."  <u>Schneider v. California Dept. of Corr.</u>, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).  In considering a motion to dismiss for failure to state a claim, the court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421, <u>reh'g denied</u>, 396 U.S. 869 (1969).  The federal system is one of notice pleading.  <u>Galbraith v. County of Santa Clara</u>, 307 F.3d 1119, 1126 (2002).  "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which apply to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  <u>Swierkiewicz</u>, 534 U.S. at 512.

A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. <u>Id</u>. at 514.  Discovery and summary judgment motions - not motions to dismiss - "define disputed facts" and "dispose of unmeritorious claims." <u>Id</u>. at 512.  "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.  Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" <u>Jackson v. Carey</u>, 353 F.3d 750, 755 (9th Cir. 2003) (quoting <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974); <u>see</u> <u>also</u> <u>Austin v. Terhune</u>, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting <u>Fontana v. Haskin</u>, 262 F.3d 871, 977 (9th Cir. 2001))).  A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief.  <u>See</u> <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984) (citing <u>Conley v. Gibson</u>, 355 U.S. ///

1    41, 45-46 (1957)); <u>see also</u> <u>Palmer v. Roosevelt Lake Log Owners Ass'n</u>, 651 F.2d 1289, 1294 (9th
2    Cir. 1981).

3         In his amended complaint, plaintiff alleges he and other inmates had been summoned to the
4    Central Treatment Clinic for medical appointments.  (Doc. 16, 2:19-23.)  At the conclusion of the
5    appointments, defendants Beltran and Serman arrived to transport them back to their housing
6    facilities in a golf cart-like vehicle with no doors, no seatbelts, and only four available passenger
7    seats.  (<u>Id</u>., 2:22-27.)  Plaintiff alleges that he and the other inmates had their hands cuffed behind
8    their backs for transport.  (<u>Id</u>., 2:28-3:2.)  The four passenger seats were taken by other inmates, so
9    plaintiff and the remaining inmates were instructed by defendant Serman to get as comfortable as
10   possible and kneel, squat, or stand in whatever space they could find.  (<u>Id</u>., 3:2-5.)  Plaintiff alleges
11   defendant Serman indicated he did not have time to make two trips, so the inmates had to all pile in.
12   (<u>Id</u>., 3:6-8.)

13        Plaintiff alleges that defendant Serman drove recklessly and at high speeds despite the fact
14   the inmates were not seated or buckled in and were unable to hold on to anything to prevent
15   themselves from falling  from the vehicle.  (<u>Id</u>., 3:10-13.)  Plaintiff alleges that defendant Serman
16   made a sharp turn and plaintiff fell out of the vehicle, hitting his head and losing consciousness.
17   (<u>Id</u>., 3:13-19.)  Plaintiff alleges he suffered serious back, knee, shoulder, hand, and elbow injuries,
18   as well as headaches and tingling in his toes.  (<u>Id</u>., 3:19-21.)

19        Plaintiff alleges that both defendants knew of the danger in transporting inmates in this
20   manner and that defendant Serman increased the danger by driving recklessly.  (<u>Id</u>., 4:18-21.)
21   Plaintiff alleges that defendant Beltran failed to intervene when defendant Serman began driving
22   recklessly, and that both defendants knew that inmates had fallen from the vehicle in the past.  (<u>Id</u>.,
23   4:21-24.)

24        To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison
25   conditions must involve "the wanton and unnecessary infliction of pain . . . ."  <u>Rhodes v. Chapman</u>,
26   452 U.S. 337, 347 (1981).  Although prison conditions may be restrictive and harsh, prison officials
27   must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.
28   <u>Id</u>.; <u>Toussaint v. McCarthy</u>, 801 F.2d 1080, 1107 (9th Cir. 1986); <u>Hoptowit v. Ray</u>, 682 F.2d 1237,

1246 (9th Cir. 1982).  Where a prisoner alleges injuries stemming from unsafe conditions of
confinement, prison officials may be held liable only if they acted with "deliberate indifference to
a substantial risk of serious harm."  Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong.  First, the
alleged deprivation must be, in objective terms, "sufficiently serious . . . ."  Farmer v. Brennan, 511
U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official
must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ."  Farmer, 511 U.S.
at 837.  Thus, a prison official may be held liable under the Eighth Amendment for denying humane
conditions of confinement only if he knows that inmates face a substantial risk of harm and
disregards that risk by failing to take reasonable measures to abate it.  Id. at 837-45.  Prison officials
may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting
evidence of a reasonable, albeit unsuccessful, response to the risk.  Id. at 844-45.  Mere negligence
on the part of the prison official is not sufficient to establish liability, but rather, the official's
conduct must have been wanton.  Id. at 835; Frost, 152 F.3d at 1128.

The court can no longer apply a heightened pleading standard to plaintiff's claim by requiring
that he allege specific facts as to defendants' motive.  Swierkiewicz, 534 U.S. 506 (Federal Rule of
Civil Procedure 8 requires only that complaint give defendant fair notice of plaintiff's claim and the
grounds upon which it rests); Galbraith, 307 F.3d 1119 (Ninth Circuit cases requiring heightened
pleading of improper motive in constitutional tort cases where subjective intent is an element are
inconsistent with federal system of notice pleading and are no longer good law).  The Ninth Circuit
has warned district courts on more than one occasion that notice pleading requires only notice to the
other party of the claim and allegations showing that the plaintiff *may* be entitled to some relief.
Austin, 367 F.3d at 1171; Jackson, 353 F.3d at 757.  Further, pro se complaints such as this are held
to even less stringent standards.  Jackson at 757.

In this instance, plaintiff alleges that the conduct that led to his injuries was dangerous, that
both defendants knew of the danger to plaintiff and other inmates, and that both defendants ignored
the risks.  These allegations "at least minimally informed the parties and the court of" the Eighth
Amendment claim.  Austin at 1171.  Under the very minimal notice pleading standard, plaintiff was

required to do no more. The court cannot find that an alleged incident in which inmates were knowingly transported in a dangerous manner and injuries ensued is not, as a matter of law, a basis upon which liability may be imposed under the Eighth Amendment. To the extent that plaintiff's claim either is wholly meritless under any theory or amounts to nothing more than mere negligence, this is not the appropriate stage for adjudicating that issue. The court therefore recommends that defendant's motion to dismiss for failure to state a claim be denied.

C.   <u>Statute of Limitations</u>

Defendant argues that he is entitled to dismissal of this action because plaintiff filed suit more than one year after the claim accrued, and the suit is therefore barred by the statute of limitations. (Doc. 33, 7:7-8:3.)

Federal law determines when a civil rights claim accrues. <u>See</u> <u>Elliott v. City of Union City</u>, 25 F.3d 800, 801-802 (9th Cir. 1994). Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. <u>Kimes v. Stone</u>, 84 F.3d 1121, 1128 (9th Cir.1996). Because section 1983 contains no specific statute of limitations, federal courts should borrow state statues of limitations for personal injury actions in section 1983 suits. <u>See</u> <u>Wilson v. Garcia</u>, 471 U.S. 261, 276 (1985); <u>Torres v. City of Santa Ana</u>, 108 F.3d 224, 226 (9th Cir. 1997); <u>Vaughan v. Grijalva</u>, 927 F.2d 476, 478 (9th Cir. 1991). At the time plaintiff's claim accrued, the applicable statute of limitations in California for section 1983 claims was one year. Cal. Civ. Proc. Code § 340(3); <u>Jones v. Blanas</u>, 393 F.3d 918, 927 (9th Cir. 2004) (Cal. Civ. Proc. § 335.1, extending the statute of limitations from one year to two years, does not apply to claims that accrued prior to January 1, 2003).

In actions where the federal court borrows the state statute of limitation, the court should also borrow all applicable provisions for tolling the limitations period found in state law. <u>See</u> <u>Hardin v. Straub</u>, 490 U.S. 536, 539 (1989). Pursuant to the California Code of Civil Procedure section 352.1, a two-year limit on tolling is imposed on prisoners. Section 352.1 provides, in pertinent part, as follows:

(a) If a person entitled to bring an action, mentioned in Chapter 3 (commencing with Section 335), is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for

5

life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.

Thus, with the exception of inmates sentenced to death or to life without the possibility of parole, inmates have three years from the date that the cause of action accrued in which to file suit, if the cause of action accrued while said plaintiff was incarcerated.

Plaintiff's claim accrued on November 9, 2001, and plaintiff had three years from the date within which to timely file suit. Plaintiff filed suit on September 25, 2003, well within the allowable time to do so. Defendant's argument is without merit. The court will give defendant's counsel the benefit of the doubt on this occasion, but counsel is cautioned that moving to dismiss under the statute of limitations without any reference to the well-known tolling provision for inmates might be construed as an attempt to mislead the court, which is potentially sanctionable conduct.

D.  Qualified Immunity

Finally, defendant argues that he is entitled to qualified immunity. Government officials enjoy qualified immunity from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In ruling upon the issue of qualified immunity, the initial inquiry is whether, taken in the light most favorable to the party asserting the injury, the facts alleged show the defendant's conduct violated a constitutional right. Saucier v. Katz, 533 U.S. 194, 201 (2001). If, and only if, a violation can be made out, the next step is to ask whether the right was clearly established. Id. In resolving these issues, the court must view the evidence in the light most favorable to plaintiff and resolve all material factual disputes in favor of plaintiff. Martinez v. Stanford, 323 F.3d 1178, 1184 (9th Cir. 2003). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986).

As recognized by the Ninth Circuit,

On one hand, the federal courts may not dismiss a complaint unless it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. On the other hand, government officials are entitled to raise the qualified immunity defense immediately, on a motion to dismiss the complaint, to protect against the burdens of discovery and other pre-trial procedures. The qualified immunity issue, in turn, cannot be resolved without first deciding the scope of the constitutional rights at stake. The unintended consequence of this confluence of procedural doctrines is that the courts may be called upon to decide far-reaching

6

constitutional questions on a nonexistent factual record, even where . . . discovery would readily reveal the plaintiff's claims to be factually baseless. [Thus,] while government officials have the right, for well-developed policy reasons, to raise . . . the qualified immunity defense on a motion to dismiss, the exercise of that authority is not a wise choice in every case.

Wong v. United States, 373 F.3d 952, 956-57 (9th Cir. 2004) (internal citations and quotations omitted).

With respect to the first prong of Saucier, as previously set forth, while plaintiff's Eighth Amendment claim might well be prove to be baseless, at this stage on a motion to dismiss, the court is bound by federal notice pleading standards. Plaintiff has alleged that his safety was endangered by the transportation situation and defendant Serman's driving, that both defendants were aware the danger existed, and that both defendants nonetheless exposed plaintiff to the danger, leading to plaintiff's serious injuries. At this stage, plaintiff allegations are sufficient to show that defendant Beltran's conduct violated a constitutional right. Saucier, 533 U.S. at 201; see Cunningham v. Gates, 229 F.3d 1271, 1289 (9th Cir. 2000) (an officer can be held liable for failing to intercede if he had a "realistic opportunity" to intercede).

Turning to the second prong, the court must determine whether the right was clearly established. Id. The inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition . . . ." Saucier v. Katz, 533 U.S. 194, 201 (2002). "[T]he right the official is alleged to have violated must have been 'clearly established' in a more particularized, and hence more relevant, sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Saucier, 533 U.S. at 202 (citation omitted).

"[O]fficials can still be on notice that their conduct violates established law even in novel factual circumstances." Hope v. Pelzer, 536 U.S. 730, 741 (2002). Previous cases are not required to be "'fundamentally similar.'" Id. (quoting United States v. Lanier, 520 U.S. 259, 263 (1997)). Rather, "'in the light of pre-existing law the unlawfulness must be apparent.'" Id. (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987)); see also Sorrels v. McKee, 290 F.3d 965, 970 (9th Cir. 2002) ("Closely analogous preexisting case law is not required to show that a right was clearly established.") (citation omitted).

"To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety." Whitley v. Albers, 475 U.S. 312, 319 (1986).   A minor safety hazard is unlikely to rise to the level of a constitutional violation.   See Osolinski v. Kane, 92 F.3d 934, 938 (9th Cir. 1996).   Here, however, the hazard was a moving vehicle in which plaintiff was forced to stand with his hands cuffed behind his back, driven at a high speed and from which plaintiff was allegedly ejected - hands cuffed - when the vehicle made a sharp turn.   The situation was not one of a minor, pre-existing condition of which defendants might not appreciate the danger, see id. (failure to repair an oven door, which subsequently fell off and burned inmate, did not create a sufficiently serious deprivation), but one in which defendants allegedly created the dangerous condition complained of and in which plaintiff allegedly voiced his concern to defendants prior to being ejected from the cart.   See e.g., Gill v. Mooney, 824 F.2d 192, 195 (2d Cir. 1987) (more than ordinary lack of due care to safety where officer ordered inmate to continue working on ladder after being warned by inmate that ladder was unsafe).   Although defendant Beltran was an escort in the vehicle rather than the driver of the vehicle, at the time of the event, the law was clearly established that an officer has a duty to intercede if he has the opportunity to do so.   Cunningham, 229 F.3d at 1289-90.   While the court was unable to find any substantially similar cases decided prior to the incident, viewing the allegations in the light most favorable to plaintiff, the court finds that the contours of plaintiff's Eighth Amendment rights were sufficiently clear that a reasonable officer would have understood that creating a hazardous situation - or participating in one created by another officer - in which an inmate is standing up in a moving vehicle with his hands cuffed behind his back while the vehicle is driven at a high speed was unlawful, as it created a substantial risk to the inmate's safety.   Accordingly, the court finds that defendant Beltran is not entitled to dismissal of the claim against him based on qualified immunity.

E.    Conclusion

Based on the foregoing, the court HEREBY RECOMMENDS that:

1.    Defendant Beltran's motion to dismiss, filed March 18, 2005, be DENIED as
follows:

     a.     Defendant's motion to dismiss for failure to state a claim upon which relief may be granted be DENIED;

     b.     Defendant's motion to dismiss the action as barred by the statute of limitations be DENIED; and

     c.     Defendant's motion to dismiss on qualified immunity grounds be DENIED; and

2.     Should this Findings and Recommendations be adopted in full, defendant be ordered to file a response to plaintiff's amended complaint within thirty days from the date of the issuance of the district court's order.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   February 6, 2006**          /s/ Lawrence J. O'Neill
b9ed48                    UNITED STATES MAGISTRATE JUDGE