# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD VARELLA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>DERRAL ADAMS, et al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO. 1:03-CV-06324-OWW-LJO-P<br><br>ORDER GRANTING MOTION FOR RECONSIDERATION, AND VACATING ORDER ADOPTING FINDINGS AND RECOMMENDATIONS (Docs. 61 and 58)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, AND DENYING DEFENDANT'S MOTION TO DISMISS (Docs. 33 and 58)<br><br>ORDER REQUIRING DEFENDANT TO FILE A RESPONSE TO PLAINTIFF'S AMENDED COMPLAINT WITHIN THIRTY DAYS (Doc. 16) |

I.　　Order

　　A.　　Defendant's Motion for Reconsideration

Plaintiff Edward Varella ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's amended complaint, filed June 10, 2004, against defendants Serman and Beltran for acting with deliberate indifference to a serious risk to plaintiff's safety, in violation of the Eighth Amendment. (Doc. 18.) On March 17, 2005, defendant Beltran ("defendant") filed a motion to dismiss for failure to state a claim upon which relief may be granted under section 1983 and for

1

dismissal on qualified immunity grounds.[1] (Doc. 33.) The Magistrate Judge assigned to this case issued a Findings and Recommendations on February 6, 2006, recommending denial of defendant's motion. On March 16, 2006, the Court issued an order adopting the Magistrate Judge's Findings and Recommendations in full and denying defendant's motion to dismiss. In the order, the Court declined to consider defendant's objection filed on March 13, 2006, on the ground that it was untimely. Defendant filed a motion for reconsideration on March 20, 2006, on the ground that his objection was timely filed.

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an adverse party, . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015, 108 S.Ct. 1752, 100 L.Ed.2d 214 (1988). The Ninth Circuit has stated that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'" LaFarge Conseils et Etudes, S.A. v. Kaiser Cement, 791 F.2d 1334, 1338 (9th Cir. 1986) (quoting Corex Corp. v. United States, 638 F.2d 119 (9th Cir. 1981)). Accordingly, "the clause is reserved for 'extraordinary circumstances.'" Id. When filing a motion for reconsideration, Local Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

---

[1] The United States Marshal was unable to locate and serve defendant Serman.

1    The parties were provided thirty days within which to file objections to the Findings and
2 Recommendations, making the deadline March 8, 2006. Fed. R. Civ. P. 6(a). Pursuant to Federal
3 Rule of Civil Procedure 6(e), three days were added to the thirty-day objection period. Because the
4 deadline fell on a weekend, the parties had until March 13, 2006, to file objections. Fed. R. Civ. P.
5 6(a). This time period was inadvertently miscalculated in the Court's order. Accordingly,
6 defendant's motion for reconsideration shall be granted and the Court's order adopting the Findings
7 and Recommendations shall be vacated so that defendant's objection may be considered.

8    B.    <u>Defendant's Objections to the Magistrate Judge's Findings and Recommendations</u>

9    This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. §
10 636(b)(1)(B) and Local Rule 72-302. Before the Court for consideration is the Magistrate Judge's
11 Findings and Recommendations recommending defendant's motion to dismiss for failure to state a
12 claim upon which relief may be granted and on qualified immunity grounds be denied. The parties
13 had thirty days within which to file objections and defendant did so on March 13, 2006.

14   Defendant first objects on the ground that his motion should have been granted by virtue of
15 plaintiff's failure to file an opposition to his motion. Pursuant to Local Rule 78-230(m), the failure
16 to file an opposition or a statement of non-opposition to a motion may be deemed a waiver and may
17 result in the imposition sanctions. The decision to deem a failure to respond a waiver and/or impose
18 sanctions is discretionary and rests with the Court. If a motion is not meritorious, the moving party
19 is not entitled to win the motion on the merits because the opposing party failed to file an opposition.
20 Rather, the Court *may*, pursuant to the Local Rules, deem the failure to oppose a waiver and may
21 impose sanctions, up to and including dismissal.

22   Following the filing of defendant's motion to dismiss on March 17, 2005, plaintiff filed a
23 request for an extension of time to file a response on April 14, 2005. (Doc. 34.) In the request,
24 plaintiff stated that he had been unable to access the law library and that he has difficulty with
25 comprehension due to mental health issues, hearing voices and experiencing facing thoughts, brain
26 damage from head injuries and drug use, AD/HD, and his fourth grade education. (<u>Id</u>.) Plaintiff
27 stated that he had obtained the assistance of another inmate in drafting the request for an extension
28 of time. (<u>Id</u>.) In support of his request, plaintiff submitted documentation of his mental health

3

1 issues, including brain damage. (Id.) The Magistrate Judge granted plaintiff's request for a thirty-
2 day extension of time on April 22, 2005. (Doc. 36.)

3      On June 3, 2005, plaintiff filed a motion seeking the appointment of counsel and requesting
4 that the proceedings be stayed pending a ruling on his motion. In his motion, plaintiff again asserted
5 that he suffers from brain damage. (Doc. 37.) The Magistrate Judge denied plaintiff's motion for
6 the appointment of counsel and ordered plaintiff to respond to defendant's motion to dismiss within
7 thirty days. (Doc. 38.) Plaintiff was warned that dismissal would result if he failed to comply. (Id.)

8      Plaintiff sought reconsideration of the denial of his motion for appointment of counsel on
9 July 25, 2005. (Doc. 40.) In his motion, plaintiff attested that he had limited access to the law
10 library and is unfamiliar with the law, and was unable to comprehend the notice of motion because
11 of his brain damage from head injuries and drugs, hearing voices, AD/HD, and his fourth grade
12 education. (Id.) Plaintiff again attested that another inmate assisted him in writing the motion for
13 reconsideration. (Id.) Plaintiff's motion for reconsideration was denied by the undersigned on
14 August 15, 2005, and on August 22, 2005, the Magistrate Judge issued an order requiring plaintiff
15 to comply with the order of June 14 by filing a response to defendant's motion within thirty days.
16 (Docs. 43, 44.) Plaintiff was warned that if he failed to comply, this action would be dismissed.
17 (Doc. 44.)

18      On September 21, 2005, plaintiff filed a motion seeking an extension of time to file an
19 opposition and on September 27, 2005, defendant opposed plaintiff's motion. (Docs. 46, 47.) On
20 October 19, 2005, plaintiff's motion for an extension of time was granted. (Doc. 49.) In the order,
21 the Magistrate Judge noted that plaintiff had seven months within which to oppose the motion to
22 dismiss, which was ample, and granted plaintiff a final thirty day extension of time. (Id.) Plaintiff
23 was warned that dismissal would result if he failed to comply. (Id.) Shortly thereafter, on October
24 25, 2005, plaintiff filed a reply to defendant's opposition to his request for an extension of time and
25 a motion seeking a court order directing counsel to inquire into the seizure of plaintiff's legal
26 property. (Docs. 51, 53.) In the motion, plaintiff stated that in accordance with Title 15 regulations,
27 he had obtained the assistance of inmates Jason Saunders and Frank Gonzales and had relinquished
28 his legal property to them. (Doc. 53.) Plaintiff stated that the inmates had concluded their research

and were preparing to draft his opposition, but on September 21, 2005, three correctional officers searched their cell and seized all legal material, including the material belonging to plaintiff. (Id.) Plaintiff supported his motion with his declaration and the declaration of Jason Saunders, one of the two inmates assisting him. (Id.)

On November 21, 2005, the Magistrate Judge issued an order directing the Clerk's Office to provide plaintiff with a copy of the motion to dismiss, providing plaintiff with the opportunity to file a response addressing defendant's qualified immunity argument, notifying plaintiff that if he failed to response to the qualified immunity argument within thirty days the motion would be deemed submitted and a Findings and Recommendations issued, and warning plaintiff that no extensions of time to comply with the order would be granted. (Doc. 56.) Plaintiff did not file a response and on February 6, 2006, the Magistrate Judge issued the Findings and Recommendations recommending denial of defendant's motion to dismiss. Defendant now objects on the ground that plaintiff's failure to oppose the motion should have resulted in the grant of defendant's motion to dismiss.

The Magistrate Judge exercised his discretion not to dismiss this action and in his order of November 21, provided plaintiff with one final opportunity to file a response, limited to addressing defendant's qualified immunity argument. The order did not require plaintiff to file an opposition and clearly gave notice of the Magistrate Judge's intent to deem the motion submitted and issue a Findings and Recommendations should plaintiff opt not to file an opposition. At no time between November 21, 2005, and February 6, 2006, did defendant file a separate motion seeking dismissal of this action based on plaintiff's failure to comply with court directives or otherwise voice objection to the intention to issue a Findings and Recommendations, via motion for reconsideration or otherwise. The Magistrate Judge's earlier warnings to plaintiff that his failure to oppose defendant's motion would result in dismissal does not entitle defendant to demand that his motion be granted and this action be dismissed, particularly when the orders containing the warnings were superceded by a later order in which plaintiff was provided with the option of filing an opposition and informed that the motion would be deemed submitted and resolved by Findings and Recommendation. The most recent order concerning plaintiff's opposition to the motion is the operative order.

The record reflects that plaintiff suffers from mental health issues and has brain damage, and has to rely on the assistance of other inmates. Further, the record reflects that plaintiff's legal material was confiscated prior to the expiration of the deadline to file an opposition. Defendant has not disputed these issues. Although plaintiff filed this action and is responsible for prosecuting it, the impediments set forth by plaintiff must be considered by the Court in determining which course of action to take. In light of the confiscation of plaintiff's legal materials, Magistrate Judge opted to provide plaintiff with one final opportunity to address defendant's motion and then address the long-pending motion to dismiss should plaintiff fail to respond. In light of the record regarding plaintiff's mental problems and need for assistance, the loss of plaintiff's legal property, and the issuance of the order reflecting the Magistrate Judge's intention to issue a Findings and Recommendations, the Court declines to find that the Magistrate Judge erred by addressing defendant's motion to dismiss on the merits rather than recommending the motion be granted and this action be dismissed solely because plaintiff did not file an opposition. The Court notes that in this situation, plaintiff did not abandon prosecution of the action, and his periodic filings preclude the Court from concluding that plaintiff is no longer prosecuting this action.

Defendant next objects on the ground that his motion to dismiss for failure to state a claim should have been granted. The claim in this action arises from the following allegations, as summarized in the Findings and Recommendations:

> In his amended complaint, plaintiff alleges he and other inmates had been summoned to the Central Treatment Clinic for medical appointments. (Doc. 16, 2:19-23.) At the conclusion of the appointments, defendants Beltran and Serman arrived to transport them back to their housing facilities in a golf cart-like vehicle with no doors, no seatbelts, and only four available passenger seats. (Id., 2:22-27.) Plaintiff alleges that he and the other inmates had their hands cuffed behind their backs for transport. (Id., 2:28-3:2.) The four passenger seats were taken by other inmates, so plaintiff and the remaining inmates were instructed by defendant Serman to get as comfortable as possible and kneel, squat, or stand in whatever space they could find. (Id., 3:2-5.) Plaintiff alleges defendant Serman indicated he did not have time to make two trips, so the inmates had to all pile in. (Id., 3:6-8.)
>
> Plaintiff alleges that defendant Serman drove recklessly and at high speeds despite the fact the inmates were not seated or buckled in and were unable to hold on to anything to prevent themselves from falling from the vehicle. (Id., 3:10-13.) Plaintiff alleges that defendant Serman made a sharp turn and plaintiff fell out of the vehicle, hitting his head and losing consciousness. (Id., 3:13-19.) Plaintiff alleges he suffered serious back, knee, shoulder, hand, and elbow injuries, as well as headaches and tingling in his toes. (Id., 3:19-21.)

6

> Plaintiff alleges that both defendants knew of the danger in transporting inmates in this manner and that defendant Serman increased the danger by driving recklessly. (Id., 4:18-21.) Plaintiff alleges that defendant Beltran failed to intervene when defendant Serman began driving recklessly, and that both defendants knew that inmates had fallen from the vehicle in the past. (Id., 4:21-24.)

(Doc. 58, Findings and Recommendations, 3:3-23.) Defendant argues that there are no facts supporting a finding that he knew of an excessive risk to plaintiff and disregarded it or that he was responsible for the sharp turn.

It is indisputable that notice pleading requires only a short and plain statement of plaintiff's claim. Fed. R. Civ. P. 8(a); Swierkiewicz v. Sorema N. A., 534 U.S. 506 (2002); Hydrick v. Hunter, No. 03-56712, 2006 WL 1493100, *3 (9th Cir. June 1, 2006); Wong v. United States, 373 F.3d 952, 956-57 (9th Cir. 2004). Plaintiff is not required to set forth in his pleading specific facts supporting a claim that defendant knew of and disregarded a substantial risk to plaintiff. Heightened pleading may no longer be applied to claims such as this. Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir. 2002).

Defendant cites no authority supporting his position that plaintiff's allegations are so woefully inadequate that they fail to meet the very minimal notice pleading standard. Rather, defendant cites to Farmer v. Brennan, 511 U.S. 825, 837-38 (1994) for the proposition that "[a]n official's failure to alleviate a significant risk that he should have perceived, but did not, cannot be condemned as an Eighth Amendment violation." (Doc. 59, Obj., 4:15-17.) Whether or not a significant risk was posed and whether or not defendant perceived that risk are issues appropriate for summary judgment or trial. Those issues are not suitable for disposition at the pleading stage, unless they are set forth in the pleadings. Plaintiff's complaint sets forth sufficient facts to place defendant on notice as to the basis of plaintiff's claim against defendant. A review of plaintiff's allegations does not support a finding that under no circumstance would plaintiff be entitled to relief. Swierkiewicz, 534 U.S. at 514. Defendant's motion to dismiss for failure to state a claim shall be denied, with prejudice.

Finally, defendant objects to the recommendation that he be denied qualified immunity. Although defendant contends that the Magistrate Judge conceded that no cases were found in which

conduct like his violated the Eighth Amendment, defendant fails to acknowledge that the law does not require the existence of cases with factual situations directly on point and that the Magistrate Judge explained this. Further, defendant argues that the Magistrate Judge based his decision on his "perception that defendant knew of a substantial risk of injury to plaintiff." At the pleading stage, plaintiff's allegations must be accepted as true, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), and construed in the light most favorable to plaintiff, and all doubts must be resolved in plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969). As documented in the Findings and Recommendations, "[p]laintiff alleges that both defendants knew of the danger in transporting inmates in this manner and that defendant Serman increased the danger by driving recklessly. (Id., 4:18-21.) Plaintiff alleges that defendant Beltran failed to intervene when defendant Serman began driving recklessly, and that both defendants knew that inmates had fallen from the vehicle in the past. (Id., 4:21-24.)." (Doc. 58, 3:19-23.)

Defendant next contends that he was a passenger rather than the driver, and that although plaintiff alleges defendant knew of the incident and failed to take action, plaintiff failed to allege that defendant "knew specifically that plaintiff faced a substantial risk of harm." (Obj., 5:10-14.) Defendant contends that plaintiff failed to allege that defendant had a duty to intercede and contends that a negligent, "benign" turn caused the harm, not reckless driving. (Obj., 5:16.)

This is the pleading stage. Plaintiff is not required to allege with specificity that defendant possessed the requisite mental state, and plaintiff is not required to allege with specificity that defendant had a duty to intercede but failed to do so. Further, nowhere in the complaint does plaintiff describe the turn as benign. Were he to have done so, the Magistrate undoubtably would have found that plaintiff's claim amounted to no more than negligence and dismissed it. Whether or not the turn was sharp and dangerous or merely benignly negligent is not an issue that can be resolved at the pleading stage. Defendant may proffer his own interpretation of what occurred at the appropriate juncture. Plaintiff alleged that both defendants knew of the danger presented to plaintiff and that defendant failed to intervene. An officer can be held liable for failing to intercede if he had a "realistic opportunity" to intercede. Cunningham v. Gates, 229 F.3d 1271, 1289 (9th Cir. 2000).

Defendant's objections are unpersuasive. The Magistrate Judge's decision to recommend rejection of defendant's qualified immunity argument was explained clearly and did not constitute error.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 73-305, this Court has conducted a <u>de novo</u> review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis. The Findings and Recommendations shall be granted in full and defendant's motion to dismiss shall be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant Beltran's motion for reconsideration, filed March 20, 2006, is GRANTED;
2. The order adopting the Findings and Recommendations, filed February 6, 2006, is VACATED;
3. The Findings and Recommendations, filed February 6, 2006, is adopted in full;
4. Defendant Beltran's motion to dismiss, filed March 18, 2005, is DENIED as follows:
    a. Defendant's motion to dismiss for failure to state a claim upon which relief may be granted is DENIED, with prejudice;
    b. Defendant's motion to dismiss the action as barred by the statute of limitations is DENIED; and
    c. Defendant's motion to dismiss on qualified immunity grounds is DENIED; and
5. Defendant Beltran shall file a response to plaintiff's amended complaint within **thirty (30) days** from the date of service of this order.

IT IS SO ORDERED.

**Dated:   July 15, 2006**              /s/ Oliver W. Wanger
emm0d6                                  UNITED STATES DISTRICT JUDGE