1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   EDWARD VARELA,                          CASE NO. 1:03-cv-06324-LJO-GSA PC

10                      Plaintiff,          ORDER DENYING MOTION CONSTRUED
                                            TO BE ONE FOR RECONSIDERATION
11          v.
                                            (Doc. 79)
12   DERRAL ADAMS, et al.,

13                      Defendants.
     _____/
14

15          Plaintiff Edward Varela ("Plaintiff") is a state prisoner who was proceeding pro se and in

16   forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Pursuant to the Court's order

17   filed March 6, 2008, Defendant Serman was dismissed from this action for failure to effect service

18   of process, Defendant Beltran's motion for summary judgment was granted, and judgment was

19   entered. (Docs. 77, 78.)  On April 14, 2008, Plaintiff filed a document entitled "Motion and Order

20   to Submit a[n] Objection." (Doc. 79.)  Applying a very liberal construction, the Court will treat the

21   motion as one for reconsideration of the order filed March 6, 2008.

22          The Court has discretion to reconsider and vacate a prior order.  Barber v. Hawaii, 42 F.3d

23   1185, 1198 (9th Cir. 1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir. 1992).

24   Motions for reconsideration are disfavored, however, and are not the place for parties to make new

25   arguments not raised in their original briefs.  Northwest Acceptance Corp. v. Lynnwood Equip., Inc.,

26   841 F.2d 918, 925-6 (9th Cir. 1988).  Nor is reconsideration to be used to ask the Court to rethink

27   what it has already thought.  United States v. Rezzonico, 32 F.Supp.2d 1112, 1116 (D.Ariz.1998).

28   "A party seeking reconsideration must show more than a disagreement with the Court's decision,

1  and recapitulation of the cases and arguments considered by the court before rendering its original

2  decision fails to carry the moving party's burden." U.S. v. Westlands Water Dist., 134 F.Supp.2d

3  1111, 1131 (E.D. Cal. 2001).

4         Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin

5  Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983),

6  en banc.  To succeed, a party must set forth facts or law of a strongly convincing nature to induce

7  the court to reverse its prior decision.  See Kern-Tulare Water Dist. v. City of Bakersfield, 634

8  F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds 828 F.2d

9  514 (9th Cir. 1987).  When filing a motion for reconsideration, Local Rule 78-230(k) requires a party

10  to show the "new or different facts or circumstances claimed to exist which did not exist or were not

11  shown upon such prior motion, or what other grounds exist for the motion."

12         Plaintiff has not made any showing of entitlement to reconsideration, and his motion is

13  HEREBY DENIED.

14

15  IT IS SO ORDERED.

16  **Dated:    April 16, 2008**                    **/s/ Lawrence J. O'Neill**
                                               UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

                                          2